BARFIELD, C.J.
The petitioner was serving concurrent sentences for 1987 offenses and a 1992 offense when he was released from incarceration, over his objection, on control release.[1] Within a few months thereafter, he violated the terms of his control release, which was revoked. He was re-incarcerated and forfeited gain-time on the sentences for the 1987 offenses as well as on the sentence for the 1992 offense.
He now seeks review of a trial court order denying his petition for writ of habeas corpus. In that petition, he challenged, as contrary to ex post facto prohibitions, the authority of the Florida Parole Commission (FPC) to order his early control release and the authority of the Department of Corrections (DOC) to determine that he had forfeited gain-time on the sentences for the 1987 offenses due to his violation of the control release conditions. He argued in the petition that “his offense date was before control release was enacted” and that he had refused control release under Rule 23-22.006(25), Florida Administrative Code.[2]
Upon review of the record and case law, we find that the FPC was authorized to place the petitioner on control release, even without his consent, based upon his 1992 offense. We find that, upon revocation of the *375 petitioner’s control release, DOC was authorized to determine that he had forfeited gain-time on the sentence for the 1992 offense. However, we also find that, in light of the petitioner’s timely objection to control release, DOC’s determination that he had forfeited gain-time on the sentences for the 1987 offenses violated ex post facto prohibitions and therefore must be reversed.
The petition for writ of certiorari is DENIED with respect to the part of the trial court’s order denying the petition for writ of habeas corpus with respect to the Florida Parole Commission. The petition for writ of certiorari is GRANTED with respect to the part of the trial court’s order denying the petition for writ of habeas corpus with respect to the Department of Corrections, that part of the order is QUASHED, and the case is REMANDED to the trial court. On remand, the court is directed to reconsider the petition for writ of habeas corpus with respect to the forfeiture of gain-time for case no. 87-13451-CF, and to determine whether, upon reinstatement of the forfeited gain-time for case no. 87-13451-CF, the petitioner would be entitled to immediate release.-
VAN NORTWICK and PADOVANO, JJ., CONCUR.

. The petitioner was released under the Control Release Act, section 947.146, Florida Statutes (1990). Section 921.001(11), Florida Statutes provides:
A person who is convicted of a crime committed on or after December 1, 1990, and who receives a control release date may not refuse to accept the terms or conditions of control release.

. Rule 23-22.006(25) provides, in pertinent part:
Refusal of Control Release — means that inmates whose offenses were committed on or before November 30, 1990 may refuse release by Control Release if it is offered. Inmates whose offenses were committed on or after December 1, 1990 are statutorily required to be released by Control Release when so ordered by the Commission, and may not refuse such release.